UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ERNEST TATE, | ) | CASE NO. 1:00CR358 |
| | ) | 1:09CV086 |
| Petitioner, | ) | |
| | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |
| | ) | |

This matter is before the Court upon Petitioner Ernest Tate's *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Case No. 1:00CR358, Dkt. #525; Case No. 1:09CV086, Dkt. # 1). Respondent has filed a Response (Dkt. #528)[1], and Petitioner has filed a Reply. (Dkt. # 529).

**I. FACTUAL BACKGROUND**

Petitioner was indicted by a Grand Jury of the United States District Court for the Northern District of Ohio on February 14, 2001, and charged with one count of conspiracy to possess with the intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 841, (Count I of an eight-count superseding indictment). (Dkt. #119).

At trial, counsel for Petitioner moved to suppress a videotape prosecutors wished to use to corroborate the testimony of Drug Enforcement Administration Special Agent John Clayton. (Dkt. #528 at 9). Assistant United States Attorney Blas Serrano, the

---

[1] Citations to "Dkt." refer to the docket of Case No. 1:00CR358.

1

prosecutor in Petitioner's case, admitted to erasing a portion of the tape accidentally. (Dkt. #528 Att. 6 at 406). The Court denied the motion and allowed the tape to be shown to the jury. (Dkt. #528 Att. 6 at 406).

On January 11, 2002, the jury found Petitioner guilty. (Dkt. #295). Petitioner was sentenced to a term of imprisonment of 292 months, five years of supervised release, and a $3,000 fine. (Dkt. #422). Petitioner appealed his conviction and sentence to the Sixth Circuit Court of Appeals. (Dkt. #423). Appellate counsel for Petitioner made seven arguments on appeal, including two that challenged the district court's determination of the amount of drugs attributable to Petitioner for sentencing purposes. (Case No. 02-4382, Pet. Appeal Br. at 59, 63). Specifically, counsel objected to the inadequacy and credibility of the evidence used to calculate the drug weight attributed to Petitioner at sentencing. (Case No. 02-4382, Pet. Appeal Br. at 62, 64). The Sixth Circuit affirmed Petitioner's conviction, but remanded the case for re-sentencing in light of the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). United States v. Tate, 124 Fed.Appx. 398 (6th Cir. 2005).

Upon remand, the district court reduced the sentence of imprisonment to 262 months. (Dkt. #468). Petitioner appealed his new sentence to the Sixth Circuit (Dkt. #488), again challenging the district court's determination of the amount of drugs attributable, and arguing that the Court imposed a sentence greater than the maximum sentence authorized by the facts found by the jury. (Dkt. #499 at 3). The Sixth Circuit affirmed the sentence, noting that Booker did not eliminate judicial fact-finding regarding

relevant sentencing factors, and the attribution was reasonable. (Dkt. #499 at 3). Petitioner then filed the instant petition. (Dkt. #525).

## II. STANDARD OF REVIEW

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." Gall v. United States, 21 F.3d 107, 109 (6th Cir. 1994). Furthermore, 28 U.S.C. § 2255 requires a district court to "grant a prompt hearing" when such a motion is filed, and to "determine the issues and make findings of fact and conclusions of law with respect thereto" unless "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief." Green v. United States, 445 F.2d 847, 848 (6th Cir. 1971); Bryan v. United States, 721 F.2d 572, 577 (6th Cir. 1983).

## III. LAW AND ANALYSIS

Each of Petitioner's three claims alleges a different instance of ineffective assistance of counsel. Such claims are governed by the Supreme Court's decision in Strickland v. Washington, 466 U.S. 668 (1984), in which the Court devised a two-part inquiry for analyzing claims of ineffective assistance of counsel. Under the Strickland test, Petitioner must show (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 688-94. Thus, Petitioner must demonstrate both deficient performance and prejudice in order to succeed on his claim. Id. at 686.

**A. Ground One**

Petitioner alleges that defense counsel was ineffective for failing to argue on appeal that the trial court erred in allowing the jury to view the video recording altered by Assistant United States Attorney Blas Serrano ("Serrano"). (Dkt. #525 at 3). Petitioner cites several recent newspaper articles that question the ethical conduct of Serrano in similar cases. (Dkt. #529 Ex. 1).

*i. Petitioner's claims are not procedurally defaulted.*

Respondent contends that Petitioner is estopped from making this argument because he failed to raise the issue when appealing his conviction, and when appealing his sentence. (Dkt. #528 at 7). Generally, "to obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) cause excusing his procedural default, and (2) actual prejudice resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 167-68 (1982) (internal quotations omitted). However, an application of Frady and procedural default would be erroneous in the instant case. Subjecting ineffective counsel claims to the procedural default rule would create inefficiencies in the court system, and create "perverse incentives" for counsel on direct appeal. Massaro v. United States, 538 U.S. 500, 506 (2003). Accordingly, "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." Id. at 509. Because Petitioner was convicted under federal statute, Massaro is controlling. See e.g. Torres v. State, 688 N.W.2d 569, 572 (Minn.

2004).  For that reason, it is appropriate to review the Petitioner's claim under the test set forth in Strickland.

>  ii. *Petitioner has failed to establish either of Strickland's requirements*

Petitioner's first ground fails to satisfy Strickland's first prong because he has not demonstrated that his counsel fell below an objective standard of reasonableness.  "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Strickland, 466 U.S. at 689.  A criminal defendant has no constitutional right to have appellate counsel raise every non-frivolous issue that the defendant requests.  Jones v. Barnes, 463 U.S. 745, 750-54 (1983).  Tactical decisions as to which issues should be addressed on appeal are properly left to the sound professional judgment of counsel.  United States v. Perry, 908 F.2d 56, 59 (6th Cir. 1990).  Raising too many issues on appeal may detract from counsel's strongest arguments.  Appellate Counsel raised seven claims on appeal, (Case No. 02-4382, Pet. Appeal Br. at 2-4); United States v. Tate, 124 Fed.Appx. 398 (6th Cir. 2002), and could have reasonably determined that a renewal of the motion to suppress would have been futile had it been raised.  As noted by the trial court upon determination of Petitioner's initial motion to suppress, the competence of evidence goes to its weight and not its admissibility.  See On Lee v. United States, 343 U.S. 747, 757 (1952).  The trial court's denial of a motion to suppress evidence must be "clearly erroneous" for an appellate court to overturn the decision.  See United States v. Breen, 419 F.2d 806, 807 (6th Cir. 1969).  Therefore, the decision to omit this argument on appeal is within the range of reasonable professional judgment.

5

Petitioner also fails to demonstrate how the proceedings would have differed, had appellate counsel renewed the motion to suppress. As previously noted, the Sixth Circuit would likely have found little merit in this argument if it were raised on appeal. Furthermore, the videotape was only used to corroborate the testimony of Drug Enforcement Administration Special Agent John Clayton. (Dkt. #528 at 9.) On appeal, the Sixth Circuit noted that the government provided "substantial evidence" establishing Petitioner's criminal conduct. United States v. Tate, No. 02-4382 (6th Cir. 2005).

Under Strickland, counsel's representation cannot be found to have fallen below an objective standard of reasonableness for failing to make such an argument on appeal. Additionally, Petitioner has not shown the requisite prejudice to establish an ineffective assistance of counsel claim under Strickland. Therefore, Petitioner is not entitled to relief on his first ground.

    *iii. Petitioner is not entitled to Fifth Amendment Due Process relief.*

Petitioner also argues within his first ground that the deleted portion of the tape would have been exculpatory, and claims that depriving him of that evidence was a "complete miscarriage of justice." (Dkt. #525 at 4). He uses the recent newspaper articles to support the inference that Serrano deleted it purposefully. Petitioner cannot reasonably contend that appellate counsel was ineffective for failing to raise the issue on appeal because of the existence of "new reliable evidence," (Dkt. #525 at 4), that surfaced subsequent to the appeal. Giving deference to the fact that Petitioner filed this motion *pro se*, this ground could be interpreted as a Fifth Amendment Due Process

6

violation claim, in that the prosecution failed to preserve evidence by deleting portions of the videotape.

Even if the claim was not procedurally defaulted, it is without merit. Petitioner's due process rights would have been violated had the government failed to preserve exculpatory material. See California v. Trombetta, 467 U.S. 479, 488-89 (1984). However, to constitute a due process violation, the exculpatory value of the evidence must have been identified before its destruction. Id. Petitioner provides no substantive evidence that anyone discovered such exculpatory value prior to the deletion, other than Petitioner's blanket statement claiming that "the fourteen minutes altered from the tape would have shown to the jury that Defendant is actually innocent." (Dkt. # 525 at 3.) "Unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." Arizona v. Youngblood, 488 U.S. 51, 58 (1988).[2] Serrano admits to erasing portions of the tape accidentally but Petitioner provides no evidence that Serrano tampered with it in bad faith. The newspaper articles' depictions of Serrano may raise ethical concerns about prior conduct, but make no reference to Petitioner's case.

*iv. Petitioner is not entitled to an evidentiary hearing to review the articles.*

In the alternative to vacating his sentence, Petitioner requests an evidentiary hearing to investigate Serrano's alleged bad faith conduct in light of the recent newspaper articles. (Dkt. # 525 at 3). While Petitioner's burden for a hearing is light, "no hearing is

---

[2] While Youngblood involved state destruction of evidence and was analyzed on 14th Amendment Due Process grounds, the Court relied on 5th Amendment case law in their decision, indicating that an application would also be appropriate for §2255 motions.

required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of facts." Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999) (internal quotations omitted), citing Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995). In the instant case, the articles provide no new insight into Petitioner's claim. Petitioner essentially argues that Serrano must have acted in bad faith in the instant matter because he allegedly acted in bad faith in other cases. Even if one could find Petitioner's allegations of prosecutorial misconduct credible, they are only conclusory, and offer no concrete evidence to support such a finding. Accordingly, Petitioner is not entitled to an evidentiary hearing on this ground.

**B. Ground Two**

Petitioner next claims that his counsel was ineffective for failing to challenge on appeal the Court's factual finding of drug weight for sentencing purposes. (Dkt. #525 at 4). Specifically, he contends that counsel failed to challenge the Court's decision to attribute over $1.3 million seized or lost by Petitioner's co-conspirators intended for drug purchases. (Dkt. #525 at 5). This amount was converted into theoretical cocaine weight by the court during sentencing.

Counsel did challenge on appeal the Court's determination of the amount of drugs used in the determination of Petitioner's sentence. (Case No. 02-4382, Pet'r's Appeal Br. at 59, 63). This led the Sixth Circuit to vacate the sentence and remand for re-sentencing in light of United States v. Booker, 543 U.S. 220 (2005). United States v. Tate, 124 Fed.Appx. 398 (6th Cir. 2005). Appellate counsel's argument resulted in a reduction of

8

thirty months imprisonment for Petitioner. (Dkt. #468). Furthermore, counsel for Petitioner made the same argument on appeal of the resentencing, which the Sixth Circuit rejected, finding the new sentence reasonable. (Dkt. #499 at 2). Because Petitioner's counsel did in fact make the argument that Petitioner complains was lacking, Petitioner's claims are without merit. Therefore, Petitioner is not entitled to relief on his second ground.

### C. Ground Three

Petitioner claims his trial counsel was ineffective for failing to challenge on appeal the court's process for the conversion of money into drugs. (Dkt. #525 at 8).

Relying on the commentary to § 2D1.1 of the U.S. Sentencing Guidelines, the Sixth Circuit has approved the conversion of seized funds into the equivalent amount of drugs for sentencing purposes. United States v. Sandridge, 385 F.3d 1032, 1037 (6th Cir. 2004). When attributing currency as theoretical drug weight, due process requires that a court establish by a preponderance of the evidence both the amount of cash to be converted and the drug unit value. United States v. Jackson, 990 F.2d 251, (6th Cir. 1993), citing United States v. Walton, 908 F.2d 1289, 1302 (6th Cir. 1990). "The court may consider, for example, the price generally obtained for the controlled substance, financial or other records, similar transactions in controlled substances by the defendant, and the size or capability of any laboratory involved." 18 U.S.C.S. §2D1.1, Commentary, Application Note 12 (2009).

In the instant case, both the currency amount and the drug unit value were determined by a preponderance of the evidence. As previously noted, counsel

challenged–and the Sixth Circuit reviewed–the Court's attribution of the money to Petitioner's sentence. The Court at sentencing assessed a value of $18,000 per kilogram of cocaine when converting the currency into drug weight. According to the Pre-Sentence Investigation report, this was the value at which Petitioner regularly purchased cocaine during his tenure in the conspiracy. Under the sentencing guidelines, this is an appropriate means of calculating the drug unit value.

Under Strickland, counsel's performance did not fall below an objective standard of reasonableness in failing to challenge the process for the conversion of money into drugs, as such an argument is meritless. Thus, Petitioner is not entitled to relief on his third ground.

## IV. CONCLUSION

For the reasons stated above, the Court hereby orders that the petition under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody is hereby **DISMISSED**. (Dkt. #525).

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).

**IT IS SO ORDERED.**

                                       /s/ Peter C. Economus – August 11, 2009
                                       **PETER C. ECONOMUS**
                                       **UNITED STATES DISTRICT JUDGE**